Tukpey, J.
delivered the opinion of the court,
The act of 1833, ch. 35, sec. 1, makes it an offence for any person offering himself as a candidate for any office of honor, profit or trust, to treat the electors, for the purpose of obtaining their votes, with spirituous liquors, and provides that the act shall be given in charge by the judges and solicitors to the respective grand juries, whose duty it shall be to present all such offenders when two or more of the body have knowledge of the fact, and not otherwise.
Under the provisions of this statute the plaintiff in error was convicted of the offence therein prohibited in the court below, and moved an arrest of judgment, which was overruled, from *292 which judgment he prosecuted his writ of error to this court. And it is now contended that the judgment of the inferior court is erroneous, because it does not appear that the presentment was found upon the knowledge of two or more of the grand jurors. The presentment is in the form of a bill of indictment, and is signed individually by the grand jurors who returned it. In England, as we have had occasion heretofore to observe, an offender never was put upon trial upon a presentment, but on a return of a presentment by the grand jury, which was merely an informal information of the offence having been committed, the attorney general prepared a bill of indictment thereon, stating an offence in legal and technical form, and upon this the person charged was put upon his trial. But such has not been the practice in the State of Tennessee. Here, when the grand jury, or any one of their body, is cognizant of an offence, the practice is to inform the attorney general thereof in the first instance, who prepares a bill of indictment upon the information, which is delivered to the grand jury and is by them returned, instead of the old informal presentment; the consequence is that the only difference between a presentment thus made and a bill of indictment is, that the presentment is signed by all the jurors and the bill of indictment only by the foreman. _ This will explain why the presentment in this case is in the form of a bill of indictment.
By the common law a grand jury would only present upon the knowledge of one or more of their body, but it has never been held that it must appear from the body of the presentment or elsewhere that it had been so done; indeed, fi’om the very nature of the oath taken by them it could not; they swear that “their fellow’s counsel and their own they will well and truly keep secret,” and it is of great importance that this part of the oath should be strictly observed; no man likes to stand in the attitude of an informer; it is at all times an unenviable situation, and very frequently one of danger. But it will be asked, if it need not appear that the presentment has been returned upon the personal knowledge of ?ome one of the grand jury, what safety has the person charged against an illegal presentment. The answer is in *293 the integrity of the jury and the oath they have taken to present offenders according to law.
The only difference between presentments made by the common law and those authorized under the act of 1823, ch. 25, is, that the common law only requires the knowledge of one person to authorize a presentment, whereas the statute requires two. If, by the common law, there is no necessity for it to appear that the presentment was returned upon the knowledge of one of the jurors, there is no reason why it should appear to have been returned upon the knowledge of two under our statute.
That the names of witnesses are marked on the bill of indictment can amount to nothing; it may have been, and most probably was, a mere memorandum for the attorney general, in order that he might know who to call for examination on the trial; they do not appear to have been sworn or sent to the grand jury. The argument that cases of this kind are to be assimilated to indictments or presentments for the offence of assaults and batteries in the circuit courts committed during term time, in which it has always been held that it must be charged in the body of the indictment that the offence was committed in term time, will not hold, because, at that time, the county court had exclusive jurisdiction of all such offences unless they were committed in the town during the session of the circuit court. So that in the one case it is a question of jurisdiction, and in the other one of practice. Upon the whole, therefore, we are of opinion that there is no error in the judgment of the court below, and affirm the same,